IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GRETCHEN TAYLOR, )
)
)
Plaintiff, )
) Civil Action File No.:
v. )
)
SUNBEAM PRODUCTS, INC., and )
NEWELL BRANDS, INC. ) JURY TRIAL DEMANDED
)
Defendants. )
)

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

COMES NOW Plaintiff, **GRETCHEN TAYLOR** ("Plaintiff"), by and through her attorneys, **JOHNSON BECKER, PLLC** and **CONLEY GRIGGS PARTIN, LLP**, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## NATURE OF THE CASE

1.

Defendants Sunbeam Products. Inc. and Newell Brands, Inc. (hereinafter collectively referred to as "Defendants") design, manufacture, market, import, distribute and sell a wide-range of consumer products, including the subject "Crock-

Pot Express Crock Multicooker," which specifically includes the Model Number SCCPPC 600-V1 (referred to hereafter as "Pressure Cooker(s)").

2.

Defendants tout that their Pressure Cookers are designed with "safety in mind,"[1] which include supposed "safety measures"[2] such as "safety sensors"[3] that purport to keep the lid from being opened while the unit is under pressure.

3.

Despite Defendants' claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to their consumers.

4.

Specifically, said defects manifest themselves when, despite Defendants' statements, the lid of the Pressure Cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting

---

[1] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual, pg. 10, attached hereto as Exhibit A
[2] *Id.*
[3] *Id.*

consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the Pressure Cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5.

On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendants' SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[4]

6.

Defendants knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell their Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Pressure Cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

---

[4] *See* the CPSC Recall notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

7.

Defendants ignored and/or concealed their knowledge of these defects in their Pressure Cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Pressure Cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

8.

As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF GRETCHEN TAYLOR

9.

Plaintiff is a resident and citizen of the city of Rougemont, County of Durham, State of North Carolina. By filing this action, Plaintiff submits herself to the jurisdiction of this Court.

10.

On or about February 21, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing their scalding hot contents to be

forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety measures," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

### DEFENDANTS SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.

11.

Defendants design, manufacturer, market, import, distribute and sell a variety of consumer products[5] including pressure cookers, toasters, panini makers, and mixers, amongst others.

12.

Defendants claims that through their "cutting-edge innovation and intelligent design"[6] it has been "simplifying the lives of everyday people"[7] for "over 100 years".[8]

13.

Defendant Sunbeam Products, Inc. is a Delaware Corporation with its registered place of business at 6655 Peachtree Dunwoody Road, Atlanta, Georgia

---

[5] *See generally*, https://www.sunbeam.com/ **[last accessed January 14, 2026]**.
[6] *See* https://www.newellbrands.com/our-brands/sunbeam **[last accessed January 14, 2026]**.
[7] *Id.*
[8] *Id.*

30328, and its principal place of business located at 2381 Executive Center Drive, Boca Raton, Florida 33431. At all times relevant, Defendant Sunbeam Products, Inc. substantially participated in the distribution, design, manufacture, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages. Defendant Sunbeam maintains a registered agent to transact business in Georgia where they may be served with Summons and the Complaint, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

14.

Defendant Newell Brands, Inc. is a Delaware Corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. At all times relevant, Defendant Newell Brands substantially participated in the distribution, design, manufacture, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages. Defendant Newell maintains a registered agent to transact business in Georgia where they may be served with Summons and the Complaint, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

## JURISDICTION AND VENUE

15.

This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

16.

*Personal Jurisdiction over Newell Brands, Inc..*: Because Defendant Newell Brands, Inc. maintains its principal place of business in Georgia, its corporate headquarters in Georgia, and a registered agent in Georgia, it is "at home" in Georgia and a resident of Georgia for purposes of personal jurisdiction. Thus, there can be no question that Newell Brands, Inc. is subject to personal jurisdiction under Georgia's long-arm statute and pursuant to general jurisdiction under due process. Further, because Defendant Newell Brands, Inc. designed, manufactured, marketed and sold a product in Georgia that, either on its own or collectively with the subject pressure cooker, caused harm to Georgia residents in Georgia, Newell Brands, Inc. is also subject to specific personal jurisdiction in Georgia under Georgia's long-arm statute and due process.

17.

*Personal Jurisdiction over Sunbeam Products, Inc.: Georgia's Long-Arm Statute*. Defendant Sunbeam Products, Inc. transacts business in the State of Georgia, derives substantial revenue from goods sold, purchased, distributed and/or used in the State of Georgia, and regularly does or solicits business in Georgia, and committed tortious acts/omissions that caused injury in the State of Georgia.

Defendant Sunbeam Products, Inc. transacts business in Georgia, derives substantial revenue from goods sold and used in Georgia, regularly does or solicits business in Georgia, and caused an injury within this state.  Further, under Georgia law, a foreign corporation that is authorized to transact business in Georgia is a resident of this State and subject to direct personal jurisdiction in this State. Thus, this Court has direct personal jurisdiction over Defendant Sunbeam Products, Inc. (O.C.G.A. § 9-10-91).

18.

*Personal Jurisdiction over Sunbeam Products, Inc.: Due Process.* Defendant Sunbeam Products, Inc. derives revenue from the sales of consumer products, including the subject pressure cooker within the State of Georgia and has purposefully availed itself of the privilege of doing business in Georgia. It marketed, distributed, and sold the subject pressure cooker in the State of Georgia.  Sunbeam Products, Inc. has sufficient "minimum contacts" with Georgia such that subjecting it to personal jurisdiction here does not offend traditional notions of fair play and substantial justice. Exercising personal jurisdiction over Defendant Sunbeam Products, Inc. in this Court comports with due process.

19.

This is an action related to tortious acts and/or omissions committed in and/or producing injury in this State and, therefore, the substantive and procedural law of Georgia applies to the claims asserted herein.

20.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 is that both Defendants are residents and citizens of this District and this Division.

## FACTUAL BACKGROUND

21.

Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the Pressure Cookers at issue in this litigation.

22.

Defendants aggressively warrant, market, advertise and sells their Pressure Cookers as "an all-in-one appliance that's always ready when you are,"[9] allowing consumers to cook "instant, healthy, home-cooked dish in under an hour."[10]

---

[9] *See* https://www.crock-pot.ca/en_CA/crock-pot/crock-pot-express-crock-multi-cooker/SCCPPC600-V1-033.html (last accessed January 14, 2026).
[10] *Id.*

23.

According to the Owner's Manual[11] accompanying each individual unit sold, the Pressure Cookers purport to be designed with "safety in mind and has various safety measures."[12]

24.

For instance, the Defendants claim that their pressure cookers include "safety sensors"[13] to keep the lid from being opened while the unit is under pressure; that "[p]ressure will not build if the Lid is not shut correctly and has not sealed"[14]; and that "[o]nce the pressure increases, the Lid cannot be opened."[15]

25.

In addition to the "safety measures" listed in the manual, Defendants' Crock-Pot website claims that consumers can "cook with confidence" because the "airtight locking lid remains locked while pressure is inside the unit."[16]

---

[11]*See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual ("Exhibit A"), pg. 10.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *See* https://www.crock-pot.ca/en_CA/crock-pot/crock-pot-express-crock-multi-cooker/SCCPPC600-V1-033.html (last accessed January 14, 2026).

26.

On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendants' SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[17]

27.

By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased their Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for their intended, foreseeable use of cooking.

28.

Plaintiff used her Pressure Cooker for their intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendants.

---

[17] *See* the CPSC Recall notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

29.

However, the aforementioned Pressure Cooker was defectively designed and manufactured by Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the Pressure Cookers.

30.

Defendants' Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

31.

Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong and put innocent consumers like Plaintiff directly in harm's way.

32.

Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

33.

As a direct and proximate result of Defendants' intentional concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

34.

Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' Pressure Cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## <u>SPECIFIC COUNTS</u>

### Count One: Defendants Newell Brands, Inc. and Sunbeam Products, Inc. (Strict Products Liability)

35.

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36.

At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

37.

Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendants.

38.

Plaintiff did not misuse or materially alter the pressure cooker.

39.

The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

40.

Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

    a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from their normal, intended use;

14

c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendants failed to adequately test the pressure cookers; and

f. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

41.

Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

42.

Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made a conscious decision not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

15

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**Count Two: Defendants Newell Brands, Inc. and Sunbeam Products, Inc.
(Negligence)**

43.

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

44.

Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

45.

Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of their pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

46.

Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of their pressure cookers in that, among other things, they:

16

a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce;

c. Aggressively over-promoted and marketed their pressure cookers through television, social media, and other advertising outlets; and

d. Were otherwise careless or negligent.

47.

Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the Pressure cookers were still pressurized, Defendants continued to market  their pressure cookers to the general public.

48.

Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

17

**Count Three: Defendants Newell Brands, Inc. and Sunbeam Products, Inc.
(Breach of Implied Warranty of Fitness for a Particular Purpose)**

49.

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

50.

Defendants manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

51.

Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

52.

Defendants' pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

53.

The Plaintiff in this case reasonably relied on Defendants' representations that their pressure cookers were a quick, effective and safe means of cooking.

54.

Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

55.

Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

### Count Four: Defendants Newell Brands, Inc. and Sunbeam Products, Inc. (Breach of Implied Warranty of Merchantability)

56.

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

19

57.

At the time Defendants marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendants warranted that their pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

58.

Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

59.

Defendants' pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

60.

The Plaintiff in this case and/or her family purchased and used the pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for their intended, foreseeable use of cooking.

61.

Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

20

62.

Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**Count Five: Defendants Newell Brands, Inc. and Sunbeam Products, Inc. (Punitive Damages)**

63.

Plaintiff incorporates by reference each of the allegations set forth in this Complaint as though fully set forth herein.

64.

The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint, were willful and malicious. It is unconscionable and outrageous that Defendants would risk the health, safety, and well-being of consumers, including the Plaintiff in this case. Despite their knowledge that the lid could be prematurely

21

removed while the unit remained pressurized, Defendants made conscious decisions not to redesign, despite the existence of an economically feasible, safer alternative design, and not to adequately label, warn or inform the unsuspecting consuming public about the dangers associated with the use of their pressure cookers. Defendants' outrageous conduct rises to the level that Plaintiff should be awarded punitive damages to deter Defendants from this type of outrageous conduct in the future, as well as to discourage other Defendants from placing profit above the safety of consumers in the United States of America.

65.

Prior to and during the manufacturing, sale, and distribution of their pressure cookers, Defendants knew that said pressure cookers were in a defective condition as previously described herein and knew that those who purchased and used their pressure cookers, including Plaintiff, could experience severe physical, mental, and emotional injuries.

66.

Further, Defendants knew that their pressure cookers presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and as such, Defendants unreasonably subjected consumers of said pressure cookers to risk of serious and permanent injury from their use.

67.

Despite their knowledge, Defendants, for the purpose of enhancing their profit, knowingly and deliberately failed to remedy the known defects in their pressure cookers, and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in them. Defendants intentionally proceeded with the manufacturing, sale, distribution and marketing of their pressure cookers knowing these actions would expose consumers, such as the Plaintiff, to serious danger in order to advance their pecuniary interest and monetary profit.

68.

Defendants' conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendants with willful and conscious disregard for the safety of the Plaintiff, her family, and consumers like them, entitling the Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including punitive damages, to which he is entitled by law, as well as all

costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendants;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. punitive damages on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case;

f. an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**CONLEY GRIGGS PARTIN, LLP**

Date: <u>January 16, 2026</u>          BY:   */s/ Cale Conley*
CALE CONLEY
Georgia Bar No. 181080
4200 Northside Pkwy NW Bldg One
Suite 300
Atlanta, GA 30327 (404) 467-1155
cale@conleygriggs.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
(MN ID #0397289)
*Pro Hac Vice to be filed*

24

444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***